IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHELLE WOODS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>　　　　Defendant　　　　　　　　　　／ | No. C-04-05018 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

　　　　Before the Court is plaintiff Rachelle Wood's ("Woods") motion for summary judgment and the Commissioner of the Social Security Administration's ("Commissioner") cross-motion for summary judgment and opposition to Woods' motion. Woods, who is proceeding pro se, did not file an opposition or other response to the Commissioner's cross-motion. Having considered the papers filed by the parties, the Court rules as follows.[1]

## BACKGROUND

　　　　On July 24, 1997, an administrative law judge ("ALJ") found Woods was disabled and entitled to disability benefits, as a result of "polysubstance dependence" in remission,

---

[1] Pursuant to the local rules of this district, the motions have been submitted on the papers without oral argument. See Civil L.R. 16-5.

"post-traumatic stress disorder," and "major depression," which impairments met Listings 12.04 and 12.09 of the Listings of Impairments, Part 404, Subpart P, Appendix 1 of the Social Security regulations ("Listings").  (See Certified Transcript of Administrative Proceedings ("Tr.") at 65-66.)

On May 31, 2000, Woods was advised that the Social Security Administration ("SSA") was reevaluating her case to determine if she was still disabled.  (See Tr. at 68-69.)  On May 14, 2001, the SSA notified Woods of its decision that she was no longer disabled, on the ground her health had improved and she now could work.  (See Tr. at 93-96.)  On June 18, 2001, Woods requested reconsideration.  (See Tr. at 97.)  The SSA notified Woods that a hearing on her request for reconsideration would be conducted on December 1, 2001.  (See Tr. at 112.)  Woods failed to attend the December 1, 2001 hearing.  (See id.)  On December 6, 2001, the hearing office issued a decision affirming the cessation of benefits, finding Woods could perform simple, light work.  (See Tr. at 108-20.)  On December 12, 2001, Woods requested a hearing before an ALJ.  (See Tr. at 121.)

On July 5, 2002, the ALJ conducted a hearing, at which time the ALJ heard testimony from Woods and a vocational expert.  (See Tr. at 27-59.)  In a decision dated October 25, 2002, the ALJ found Woods' disability ceased as of May 2001, because, as of that month, she could perform light work.  (See Tr. at 18.)  After the Appeals Council denied Woods' request for a review of the ALJ's decision, (see Tr. at 3-5), Woods filed the instant action seeking judicial review.

## STANDARD OF REVIEW

The Commissioner's denial of disability benefits will not be disturbed if it is supported by substantial evidence and based on the application of correct legal standards.  See Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998).  "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

//

**DISCUSSION**

Before the ALJ, Woods contended that she suffered from "polysubstance abuse, post-traumatic stress disorder, major depression, obesity, and poorly controlled hypertension." (See Tr. at 13.) As noted, Woods was originally granted benefits in 1997 based on a finding that her then-impairments met the Listings. (See Tr. at 65.) The ALJ, however, found that as of May 2001, Woods' impairments, considered alone or in combination, no longer met the Listings criteria. (See Tr. at 12-13.) The ALJ also found that Woods' mental impairments were non-severe and that her only "severe" physical impairment was "uncomplicated obesity." (See Tr. at 13-14) Finally, the ALJ found Woods' impairments, considered in combination, did not preclude her from engaging in light work activities. (See Tr. at 14-17.)

Woods argues the ALJ's decision was in error, on the ground she "has "always been disabled, and [her] medical records would show that." (See Pl.'s Mot. for Summ. J. at 2.) Although Woods does not specifically articulate how the ALJ erred, the Court, in light of Woods' pro se status, construes Woods' motion as challenging the sufficiency of the evidence upon which the ALJ based his finding that Woods was capable of light work.

**A. Mental Impairments**

The ALJ found Woods' mental impairments were not severe, i.e, that such impairments did not "significantly limit" Woods' ability to engage in "basic work activities." See 20 C.F.R. § 404.1521 (defining "non-severe impairment" as one that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities"). The ALJ based his finding on the opinions of Tasneem Jamil, M.D. ("Dr. Jamil") and Murray Krelstein, M.D. ("Dr. Krelstein"), as well as on statements Woods made to Dr. Jamil. (See Tr. at 15-17.)

Dr. Jamil, who performed a psychiatric evaluation of Woods, found "no evidence of depression, psychosis or anxiety," that Woods' "[c]omprehension and concentration were not impaired," and that "there [did] not seem to be significant psychological impairment for gainful employment." (See Tr. at 135-136.) Dr. Krelstein, who reviewed Woods' medical

3

records, found Woods had "affective disorders" that were not severe. (See Tr. at 212.) In short, both Dr. Jamil and Dr. Krelstein offered the opinion that Woods did not suffer from a severe mental impairment; plaintiff did not offer evidence from any medical practitioner to the contrary.

Further, as the ALJ noted, Woods reported to Dr. Jamil that Woods' depressive episodes were "less frequent, coming every two or three years," that she hadn't "been on any medication for the last four years," and that she had not "sought any treatment for the last five years." (See Tr. at 134-36.) Because an ALJ may properly consider a lack of treatment in determining the severity of an impairment, see Flaten v. Secretary of Health & Human Serv., 44 F. 3d 1453, 1464 (9th Cir. 1995), the ALJ's reliance on Woods' statements that she had not been taking medication or receiving treatment was not erroneous.

In sum, the ALJ concluded that, despite Woods' assertions at the hearing before the ALJ that she was unable to engage in work activities as a result of such mental impairments as "post-traumatic stress disorder" and "major depression," (see Tr. 13), there "is no reliable evidence of an underlying impairment or impairments likely to cause the symptoms alleged," (see Tr. at 16). In light of the above-referenced evidence, the Court finds the ALJ's decision that Woods' mental impairments were not severe is supported by substantial evidence.

**B.  Physical Impairments**

Woods reported to the ALJ that her physical impairments were back pain, hypertension, and obesity. (See Tr. at 13-14.) As noted, the ALJ determined that Woods' only "severe" impairment was obesity and that her physical impairments did not preclude her from engaging in light work.

The ALJ observed that A.K. Nandi, M.D. ("Dr. Nandi"), who performed an internal medicine evaluation of Woods, determined that Woods' pulmonary functioning was "within normal limits," (see Tr. at 127, 129), and that x-rays of Woods' spine, which showed "minimal degenerative lipping," were also "normal," (see id.). The ALJ also observed that

although Woods' complaints of back pain were noted by physicians at Kaiser Permanente, such physicians did not prescribe treatment other than medication, (see Tr. at 14), specifically, ibuprofen, (see Tr. at 179), which is available over-the-counter.[2]  In light of such evidence, or, more specifically, Woods' having failed to offer evidence to support a finding that her asserted hypertension and back pain were severe in nature, the Court finds substantial evidence supports the ALJ's finding that Woods' reported back pain and hypertension were not severe impairments.[3]

The remaining issue is whether substantial evidence supports the ALJ's finding that Woods' sole "severe" impairment, obesity, considered in combination with her non-severe impairments, did not preclude her from performing light work.

The ALJ accepted the opinion offered by a state consultative physician, Joan Bradus, M.D. ("Dr. Bradus"), that Woods could perform light work, including sitting, standing, and/or walking at least six hours out of an eight-hour working day. (See Tr. at 227.)  The ALJ rejected a partially contradictory opinion offered by examining physician Dr. Nandi that Woods was limited to light-to-sedentary work. (See Tr. at 128.)

Dr. Nandi opined that because Woods stated she could not, "at a stretch," stand for more than five to six minutes or sit for more than one and a half hours, Woods was limited to "a light-to-sedentary job, initially, of about four to six hours with customary breaks." (See Tr. at 126, 128.)[4]  Where an examining physician's opinion is contradicted by a nonexamining consulting physician, the ALJ may not reject the examining physician's opinion unless the ALJ "gives specific, legitimate reasons for doing so, and those reasons

---

[2]Additionally, Woods was advised to use "ice."  (See id.)

[3]After the hearing, the ALJ held the record open in an effort to obtain any additional medical records, and, thereafter, the state agency twice requested that Woods' medical providers submit any additional records; the providers did not submit further records.  (See Tr. 11.)

[4]Although, in the concluding paragraph, Dr. Nandi's report states that Woods told him she could only "sit" for five to six minutes, (see Tr. at 128), that reference appears to be a clerical error, as it conflicts with Dr. Nandi's earlier notations, (see Tr. at 126), as well as with the following phrase that she could not "sit at a stretch for more than 1½ hours," (see Tr. at 128; see also Tr. at 126).

are supported by substantial record evidence." See Roberts v. Shalala, 66 F. 3d 179, 184 (9th Cir. 1995) (affirming ALJ's rejection of examining psychologist's opinion, where ALJ explained psychologist's opinion was "in irreconcilable conflict with his written report and test results"), cert. denied, 517 U.S. 1122 (1996).

An ALJ may properly reject an opinion of a physician that is "conclusory and unsubstantiated by relevant medical documentation." See Meanel v. Apfel, 172 F. 3d 1111, 1114 (9th Cir. 1999) (internal quotation and citation omitted). Here, the ALJ rejected Dr. Nandi's opinion that Woods' ability to perform work was limited to four to six hours per day; as the ALJ explained, such opinion was based on Dr. Nandi's having "merely repeated" Woods' allegations and taken her allegations "at face value," and there was "nothing in the record to support" Woods' assertion to Dr. Nandi that she was extremely limited in her ability to stand. (See Tr. at 14-15; see also Tr. at 126 (Dr. Nandi's evaluation of March 3, 2001, reporting that Woods "states" she "can stand at a stretch for about five to six minutes").) Additionally, the ALJ observed that less than two months before Dr. Nandi examined Woods, Woods completed a Daily Activities Questionnaire, in which she made no reference to her having the extreme limitation she reported to Dr. Nandi. (See Tr. at 80-91.) The ALJ found it "suspect" that Woods, if she were as limited as she claimed to Dr. Nandi, had failed to make any mention of such limitation in the questionnaire. (See Tr. at 15.)

In sum, the ALJ set forth specific and legitimate reasons for his decision to rely on the opinion of Dr. Bradus and not to accept Dr. Nandi's opinion that Woods was able to perform light work for only four to six hours per day, and such reasons are supported by substantial evidence, specifically, the absence of any source for the opinion other than Woods' uncorroborated statements, the absence of any medical records suggesting any condition that would significantly limit Woods' ability to stand, and Woods' own failure to make any such contention in the questionnaire setting forth her daily activities.

//

//

1    Accordingly, Woods has not shown the ALJ erred in finding Woods' physical
2 impairments do not preclude her from engaging in light work activities.[5]

### CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment is hereby DENIED, and defendant's cross-motion for summary judgment is hereby GRANTED.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  December 19, 2005

MAXINE M. CHESNEY
United States District Judge

---

[5]The Court has endeavored to review the record in the absence of any particularized argument by Woods.  As noted, Woods raises no specific issue, nor does she point to any specific deficiency in the ALJ's decision, but rather states a general disagreement with the result.